UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARMINE BIANCO,

                Plaintiff,

-against-

STAPLES, INC.,

                Defendant.

Civil Action No.:

**COMPLAINT AND JURY DEMAND**

That Plaintiff, CARMINE BIANCO, complaining of the Defendant through his attorneys Borrell & Riso, LLP, respectfully sets forth and alleges:

AS AND FOR A FIRST, SEPARATE AND DISTINCT
CAUSE OF ACTION AS AND AGAINST THE DEFENDANT
ON BEHALF OF THE PLAINTIFF, CARMINE BIANCO

**FIRST:**

Plaintiff, CARMINE BIANCO, at the time of the institution of this action, was and still is a citizen of the State of New York.

**SECOND:**

That upon information and belief, at all times hereinafter mentioned, the Defendant, STAPLES, INC., was and still is a foreign business corporation duly existing through and by virtue of the laws of the State of Delaware and has its principle place of business located at 500 Staples Drive, Framingham, Massachusetts.

**THIRD:**

That the jurisdiction properly lies in the Federal District Court by virtue of the diversity of the citizenship of the Plaintiff and the Defendants set forth in Title 28 U.S.C., Section 1332 and the nature of this action being over the amount in question, exceeding the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS exclusive of interest and costs.

**FOURTH:**

That upon information and belief, at all times hereinafter mentioned, the Defendant, STAPLES, INC., operated, managed and controlled a certain Staples store and premises located at 2535 Richmond Avenue, Staten Island, New York 10314.

**FIFTH:**

That at all times hereinafter mentioned, said Staples store and premises was open to the public as an office supply store.

**SIXTH:**

That at all times hereinafter mentioned, Plaintiff, CARMINE BIANCO, was lawfully and properly in the above Staples store and premises as a patron at the time of the accident complained of herein.

**SEVENTH:**

That on or about October 19, 2020 at approximately 4:00 p.m., Plaintiff, CARMINE BIANCO, was walking in the premises in the above Staples store when he tripped and fell over a visually obscured, low approximately 2-3" floor platform in the above-described premises and as a result, he was caused to sustain severe multiple and permanent injuries.

**EIGHTH**:

That the above stated occurrence and the result thereof, were caused by the negligence of said Defendant and/or that of the servants, agents, employees or licensees of Defendant, in the operation, management and control of the said aisle, low platform and premises; in having allowed said aisle and low platform in the premises to become and remain, for a long time after notice, actual or constructive, in an unsafe, cluttered, narrow, dangerous, obstacle filled, low platform, tripping hazard defective condition, in a condition such as to have been a danger to persons thereat; in having negligently maintained said low platform and aisle and premises; in having maintained said low platform aisle and premises in a manner and condition such that the area was improperly

2

being used; in having failed to have maintained the low platform and premises in a manner and condition such as was misleading and dangerous to the persons passing near/through the same; in having failed to have exercised due and proper supervision of said low platform and aisle and premises; in having permitted the aforesaid low platform, aisle and premises to become and remain dangerous to people thereon; in having failed to have adequately supervised the aforesaid aisle and premises and its servants, agents, employees or licensees; in having given to said Plaintiff a false assurance of safety; in having permitted an impediment to the safe passage of said Plaintiff in, through and around the above described low platform, aisle and premises; in having caused and allowed the above mentioned impediment; in having permitted the existence of a condition which was a nuisance, menace, tripping hazard and danger to persons on the said aisle and premises; in having failed to have given to said Plaintiff adequate and timely signal, notice or warning of said low platform condition in and around aisle and approaching low platform which was misleading and dangerous, thereby creating an unreasonable risk of harm or injury; in failing to move the low platform in a safe manner or give any warning of the dangers then and there existing and failed to rope off, restrict and secure area to prevent Plaintiff and other patrons from passing through said area, and failing to inspect or promulgate adequate procedures to inspect or to check that inspection procedures are being followed so remedial action can be followed up in a timely fashion. In negligently having failed to keep the said low platform under proper management and control; and in failing to observe the conditions of the low platform, aisle and premises and have a due, timely adequate and proper lookout; in failing to give any notice, warning or signal of his approach.

**NINTH**:

That upon information and belief, at all times hereinafter mentioned, the Defendant, its agents, servants and/or employees knew or should have known of said defective condition existing at or about the aforesaid premises.

**TENTH**:

That there is imposed by law upon said Defendant the duty of maintaining said premises in a safe and proper condition so that it will not be dangerous to those lawfully using them.

**ELEVENTH**:

That on or about and prior to October 19, 2020, the Defendant, its agents, servants and/or employees, disregarding its duties aforesaid negligently created the aforesaid defective/dangerous low platform condition and negligently and carelessly allowing the approximately 2-3" platform as described above to become and remain in an unsafe and dangerous condition and maintained the same improperly and dangerously, all of which Defendant had due notice.

**TWELFTH**:

That by reason of the foregoing, as aforesaid, the Plaintiff, CARMINE BIANCO, was rendered disabled due to the injuries, which upon information and belief, are of a permanent character, and that by reason thereof, the Plaintiff, CARMINE BIANCO, has been prevented from following his usual duties and he is informed and verily believes, that in the future he will be prevented from following his usual duties all to the Plaintiff's damages.

**THIRTEENTH**:

The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, CARMINE BIANCO, demands judgment against the Defendant on the First Cause of Action for damages, costs of suit and reasonable attorney fees.

Dated:       Staten Island, New York
             December 30, 2020

                                            Yours, etc.,


                                            BORRELL & RISO, LLP
                                            Attorneys for Plaintiff
                                            1500 Hylan Boulevard
                                            Staten Island, NY 10305
                                            (718) 667-8600


                                            By:    _____
                                                   Jeffrey F. G. Borrell, Esq. (8669)

5